UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

ASHOK KUMAR,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ASHOK KUMAR through undersigned counsel sues Defendant CARNIVAL CORPORATION, a Panamanian corporation doing business as CARNIVAL CRUISE LINES, and alleges upon information and belief:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff ASHOK KUMAR is sui juris and a permanent resident of India.

2. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION did business under the fictitious name "CARNIVAL CRUISE LINES."

3. This court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds Seventy Five Thousand Dollars and No/100 ($75,000.00) Dollars, exclusive of interest and costs, and complete diversity of citizenship exists between the parties; Plaintiff is a citizen of India and Defendant has its principal

place of business in Florida.

4. Subject matter jurisdiction also exists pursuant to 28 U.S.C. § 1331 to the extent the Plaintiff's causes of action, as alleged below, are based on a federal statute, specifically the Jones Act, 46 U.S.C. § 30104. Jurisdiction for the claims alleged below under general maritime law exists under 28 U.S.C. § 1333.

5. In personam jurisdiction over the parties exists since Defendant CARNIVAL is doing business and at all material times has done business in Florida, with its principal place of business in Miami, Florida, within this district.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(b), since Defendant CARNIVAL is, and at all material times, has been doing business in this district in Miami-Dade County, Florida.

## PRELIMINARY ALLEGATIONS

7. The Defendant CARNIVAL is, and at all material times has been, in the business of operating cruise ships for paying passengers. At all material times, it operated the cruise vessels "Elation" and "Destiny," among others, for this purpose.

8. At all material times the Plaintiff served as a crew member aboard the Defendant's vessels "Elation" and "Destiny," serving as a deck quartermaster aboard both vessels.

9. On or about January 24, 2011, the Plaintiff was engaged in his duties as quartermaster on the deck of the "Elation" when a shore mooring line broke from its wynch recoiled and his hand got caught in the line injuring his left shoulder.

10. As a direct and proximate result of being caught in the mooring line as

described in the preceding Paragraph, the Plaintiff sustained a fracture left clavical and acromio clavivular/ shoulder joint separation.

11.     The Plaintiff's left shoulder joint separation, as described in the preceding two Paragraphs, was sent back to India to be treated through surgical fixation.  The surgery was, however, unsuccessful, and the Plaintiff continued to suffer from pain and functional limitations of his left shoulder.

12.     The Defendant initially provided medical treatment to the Plaintiff.  On or about December 15, 2011, however, the Plaintiff was prematurely released back to work and determined fit to return to duty. On January 9, 2012, he was assigned to and began service as a quartermaster on the Defendant's vessel "Destiny," and was assigned to handle the ships mooring lines.

13.     As of December 15, 2011, the Plaintiff was not yet medically ready to return to work as a quartermaster, his left shoulder not having healed sufficiently from his initial injury and subsequent surgery.

14.     After being assigned by the Defendant to work on the Destiny and commencing his duties on the Destiny, the Plaintiff's work as a quartermaster resulted in his aggravating his previous left shoulder injury.  He continued to suffer from pain and functional limitation of his left shoulder, and was unable to continue service as a quartermaster.  After further examination and treatment, the Plaintiff was declared permanently unfit for service at sea on April 7, 2012.  The Plaintiff continues to suffer from pain and functional limitation of his left shoulder, both as caused by his initial injury of January 24, 2011 and as aggravated by his subsequent service aboard the Destiny.

15. As a direct and proximate result of his left shoulder injury and subsequent aggravation as described above, the Plaintiff was injured about his body and extremities, suffered pain and mental and emotional anguish therefrom, suffered loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, and aggravation of previously existing conditions.  Plaintiff also incurred medical expenses in the care and treatment of his injuries, lost earnings, and a loss of earning capacity.  These injuries and damages are permanent or continuing in nature, and Plaintiff will continue to sustain these injuries and damages in the future.

## **COUNT I - JONES ACT NEGLIGENCE**

16. The Plaintiff adopts, re-alleges, and incorporates by reference, all allegations of Paragraphs 1 through 15 above as if set forth in full and further alleges the following matters.

17. Pursuant to the Jones Act, 46 U.S.C. §301014, a seaman injured in the course of employment may bring a civil action for damages against the seaman's employer, where the employer's negligence caused or contributed to the injury.

18. At all material times the Plaintiff, as quartermaster aboard the Elation and later the Destiny, was a seaman within the meaning of the Jones Act and was employed by the Defendant as a member of its crew.

19. At the time of the accident aboard the Elation described in Paragraph 9 above, the Plaintiff was fulfilling his duties as quartermaster and hence was acting in the course and scope of his employment with the Defendant.

20. At the time the Plaintiff was serving as quartermaster aboard the Destiny as

described above, the Plaintiff was fulfilling his duties as quartermaster and hence was acting in the course and scope of his employment with the Defendant.

21. At all material times, the Defendant failed to exercise reasonable care, and was thereby negligent, in at least the following respects:

a. The mooring line described in Paragraph 9 above was improperly designed, installed, and attached, so as to pose an unreasonable danger of recoil in normal operation;

b. The Defendant failed to assign adequately trained crew to handle the mooring line.

c. The Defendant prematurely cleared the Plaintiff to return to work and reassigned him to work aboard the Destiny, specifically to handle the mooring lines, despite knowing actually or constructively that the Plaintiff was not medically ready to return to duty as of December 15, 2011.

22. As a direct and proximate result of the negligence of the Defendant as alleged above, the Plaintiff sustained the damages referred to in Paragraph 15 and will continue to sustain those damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action, and further demands a trial by jury of all issues so triable as of right.

## COUNT II - UNSEAWORTHINESS

23. The Plaintiff adopts, re-alleges, and incorporates by reference, all allegations of Paragraphs 1 through 15 above as if set forth in full and further alleges the

following matters.

24.     At all material times, under general maritime law, the Defendant had a duty to ensure that the vessel "Elation," its appurtenances, and its crew, were all reasonably fit for their intended purposes and hence seaworthy.

25.     At all material times, the Elation, its appurtenances, and its crew were not reasonably fit for their intended purposes, and hence not seaworthy, in at least the following respects:

      a.     The mooring line described in Paragraph 9 above was improperly designed, installed, maintained, and attached, so as to pose an unreasonable danger of recoil in normal operation;

      b.     The Defendant failed to assign adequately trained crew to handle the mooring line.

26.     As a direct and proximate result of the lack seaworthiness of the vessel Elation, its appurtenances and crew as alleged above, the accident described in Paragraph 9 above occurred, the Plaintiff sustained the damages described in Paragraph 15 above, and the Plaintiff will continue to sustain those damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action, and further demands a trial by jury of all issues so triable as of right pursuant to *Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963).

## COUNT III - JONES ACT - NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE

27.     The Plaintiff adopts, re-alleges, and incorporates by reference, all allegations of Paragraphs 1 through 15 above as if set forth in full and further alleges the

6

following matters.

28.     Pursuant to the Jones Act, 46 U.S.C. §301014, a seaman injured in the course of employment may bring a civil action for damages against the seaman's employer, where the employer's negligence caused or contributed to the injury.

29.     At all material times the Plaintiff, as quartermaster aboard the Elation and later the Destiny, was a seaman within the meaning of the Jones Act and was employed by the Defendant as a member of its crew.

30.     At the time of the accident aboard the Elation described in Paragraph 9 above, the Plaintiff was fulfilling his duties as quartermaster and hence was acting in the course and scope of his employment with the Defendant.

31.     At the time the Plaintiff was serving as quartermaster aboard the Destiny as described above, the Plaintiff was fulfilling his duties as quartermaster and hence was acting in the course and scope of his employment with the Defendant.

32.     At all material times, the Defendant failed to exercise reasonable care, and was thereby negligent, in prematurely releasing the Plaintiff to return to work as described in Paragraphs 12 and 13 above.  The Defendant thereby negligently deprived the Plaintiff of maintenance and cure.

33.     As a direct and proximate result of the Defendant's negligent failure to provide maintenance and cure, the Plaintiff has incurred medical expenses in the care and treatment of his injuries, lost earnings, and a loss of earning capacity.  These injuries and damages are permanent or continuing in nature, and Plaintiff will continue to sustain these injuries and damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action, and further demands a trial by jury of all issues so triable as of right.

## COUNT IV - GENERAL MARITIME LAW - FAILURE TO PROVIDE MAINTENANCE AND CURE

34. The Plaintiff adopts, re-alleges, and incorporates by reference, all allegations of Paragraphs 1 through 15 above as if set forth in full and further alleges the following matters.

35. Pursuant to general maritime law, the Defendant has a duty to provide maintenance and cure, including payment of medical expenses and lost earnings, to its crewmembers injured in the course and scope of their employment.

36. At all material times the Plaintiff, as quartermaster aboard the Elation and later the Destiny, was employed by the Defendant as a member of its crew.

37. At all material times, the Defendant deprived the Plaintiff of maintenance and cure by prematurely releasing him to return to work.

38. As a direct and proximate result of the Defendant's failure to provide maintenance and cure by prematurely releasing the Plaintiff to return to work, the Plaintiff has incurred medical expenses in the care and treatment of his injuries, lost earnings, and a loss of earning capacity. These injuries and damages are permanent or continuing in nature, and Plaintiff will continue to sustain these injuries and damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages and the costs of this action, and further demands a trial by jury of all issues so triable as of right pursuant to *Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963).

Executed this 31st day of August, 2012.

                        /s/ *Nicholas Gerson*_____
                        NICHOLAS I. GERSON
                        Fla. Bar No. 0020899
                        Ngerson@gslawusa.com
                        GERSON & SCHWARTZ, P.A.
                        1980 Coral Way
                        Miami, Florida 33145
                        Telephone: (305) 371-6000
                        Facsimile: (305) 371-5749